```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


ALICE DIXON,                    )
                                )
     Plaintiff,                 )
                                )
          v.                    )    1:13cv1434(JCC/TRJ)
                                )
PROSPECT MORTGAGE, LLC,         )
                                )
     Defendant.                 )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Prospect Mortgage, LLC's ("Defendant" or "Prospect") Motion for Summary Judgment. [Dkt. 6.] For the following reasons, the Court will grant Defendant's Motion.

## I. Background

Prospect is a California corporation that offers consumer lending products. (Second Am. Compl. ¶ 9.) Plaintiff Alice Dixon ("Plaintiff") worked as a mortgage loan officer at Prospect from October 29, 2007, until February 26, 2010. (Second Am. Compl. ¶ 6; Joint Statement of Facts ¶ 7.)

In October 2010, several former mortgage loan officers filed a collective action against Prospect under the Fair Labor Standards Act ("FLSA"). *See Sliger v. Prospect Mortg., LLC.*, No. CIV. S-11-465 LKK/EFB, 2011 WL 3747947, at *1 (E.D. Cal. Aug. 24, 2011). Plaintiffs alleged that Prospect "misclassified

1

them as exempt employees under the FLSA, and therefore improperly failed to pay them minimum wage and overtime." *Id.* at *2. Plaintiff opted-in to the *Sliger* matter on November 16, 2011. (Second Am. Compl. ¶ 15.)

On January 23, 2013, the *Sliger* action decertified and Plaintiff was removed from the case. (Second Am. Compl. ¶ 19.) Consequently, Plaintiff filed this case against Prospect alleging analogous violations of the FLSA.[1] Plaintiff avers that Defendant wrongfully classified her as an exempt employee, resulting in lost minimum wage and overtime compensation. (*Id.* at ¶¶ 23-33.)

Defendant has now moved for summary judgment. (Def.'s Mot. for Summ. J. at 1.) Defendant's only argument is that Plaintiff is exempt from the FLSA's overtime and minimum wage requirements under the statute's "outside sales exemption," which provides that employers are relieved of these obligations for employees engaged "in the capacity of outside salesman." (Def.'s Mem. in Support at 6 (citing 29 U.S.C. § 213 (a)(1)).) In support, Defendant points to Plaintiff's employment contract, which specifies that her primary duty was to sell mortgages away from Prospect's office. (*Id.* at 7-8.) Defendant has also

---

[1] This lawsuit was initially filed as a joint action by several former loan officers based in Virginia. (Compl. ¶¶ 1-9.) On November 21, 2013, this Court granted Prospect's Motion to Sever and ordered the case to proceed as six separate actions. Consequently, Plaintiff is the only litigant in the above captioned case.

produced testimony from Plaintiff that she regularly engaged in sales work away from the office. (*Id.* at 8-9.) Thus, Defendant concludes that Plaintiff was properly classified as exempt. (*Id.*)

On January 2, 2014, Plaintiff filed an opposition disputing her classification as an outside salesperson. (Pl.'s Opp'n at 1.) According to Plaintiff, the evidence shows that she hardly ever met with borrowers at their home or place of business and instead performed a vast majority of her work inside Prospect's office. (*Id.* at 15-17.) Thus, surmises Plaintiff, the outside sales exemption is inapplicable. (*Id.*)

Defendant's Motion for Summary Judgment is now before the Court.

## II.  Standard of Review

Summary judgment is appropriate only if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). The moving party always bears the initial burden of "informing the district court of the basis for its motion," and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. "A material fact is one 'that might affect the outcome of the suit under the governing law.' A

disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Spriggs v. Diamond Auto Glass,* 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

Once the movant has met the initial burden, "the non-moving party 'may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.'" *Hughes v. Bedsole,* 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Anderson,* 477 U.S. at 256). This is particularly important where the opposing party bears the burden of proof. *Id.* If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson,* 477 U.S. at 249-50. The mere existence of a scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-moving party. *Id.* at 252. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the opposing party is entitled to a verdict.

In reviewing the record on summary judgment, the Court "must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-

4

movant."  *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).  "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson,* 477 U.S. at 249.

With these standards in mind, the Court will address the merits of Defendant's motion below.

### III.  Analysis

The FLSA requires an employer to pay minimum wage and overtime compensation to employees who work more than forty hours per week.  *See* 29 U.S.C. §§ 206(a)(1), 207(a)(1).  Nevertheless, workers employed as "outsides salespersons" are exempt from these requirements.  *See* 29 U.S.C. § 213(a)(1).  An outside salesperson is defined as an employee:

> (1) Whose primary duty is:
>
>> (i) making sales . . ., or
>>
>> (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and
>
> (2) Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.

29 C.F.R. § 541.500(a).[2]

As evident from this language, the outside sales exemption contains two prongs. For purposes of the primary duty prong, the FLSA defines "sale" or "sell" to include "any sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition." 29 U.S.C. § 203(k). Furthermore, the "term 'primary duty' means the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). The regulations indicate that the amount of time spent performing exempt sales work is useful, but not dispositive, in resolving an employee's "primary duty." *Id.* Determining an employee's primary duty requires consideration of all of the facts in a specific case, "with the major emphasis on the character of the employee's job as a whole." *Id.*

As for the second prong, "the phrase 'customarily and regularly' means a frequency that must be greater than occasional but which, of course, may be less than constant." 29 C.F.R. § 541.701. This includes "work normally and recurrently performed every workweek," but does not embrace "isolated or one-time tasks." *Id.* The phrase "away from the employer's

---

[2] Although federal regulations are not binding in the same way as federal statutes, they are to be given controlling weight unless found to be arbitrary, capricious, or contrary to the statute. *See Patel v. Napolitano*, 706 F.3d 370, 373 (4th Cir. 2013). In this case, neither party argues that any of the applicable regulations are arbitrary or contrary to the FLSA's intent. Accordingly, the Court will give the cited regulations appropriate deference.

place of business" is addressed in another regulation, which provides:

> An outside sales employee must be customarily and regularly engaged "away from the employer's place or places of business." The outside sales employee is an employee who makes sales at the customer's place of business or, if selling door-to-door, at the customer's home. Outside sales does not include sales made by mail, telephone or the Internet unless such contact is used merely as an adjunct to personal calls. Thus, any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's places of business[.]

29 C.F.R. § 541.502. A separate regulation further clarifies that "promotional work that is actually performed incidental to and in conjunction with an employee's own outside sales or solicitations is exempt work." 29 C.F.R. § 541.503(a).

The Department of Labor ("DOL") has concluded that selling or sales related activity outside the office only "one or two hours a day, one or two times a week" can satisfy the second prong of the exemption. *See* DOL Wage Hour Op. Ltr. No. FLSA2007-2 (Jan. 25, 2007).[3]

Because the outside sales exemption is an affirmative defense, the defendant bears the burden of establishing its application. *See Speert v. Proficio Mortg. Ventures, LLC,* No.

---

[3] DOL opinion letters are not binding on courts, but "constitute a body of experience and informed judgment" that are given "substantial weight." *Flood v. New Hanover Cnty.,* 125 F.3d 249, 253 (4th Cir. 1997).

7

JKB-10-718, 2011 WL 2417133, at *6 (D. Md. June 11, 2011). Moreover, since the FLSA is a remedial act, its exemptions are narrowly construed. *See Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960) ("We have held that these exemptions are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit."). "The question of how an employee spends his time is a question of fact, while the question of whether his activities fall within an exemption is a question of law." *Nielsen v. DeVry, Inc.*, 302 F. Supp. 2d 747, 752 (W.D. Mich. 2003) (citations omitted).

In the present case, it is undisputed that Plaintiff's primary duty was to make sales within the meaning of the exemption. *See* DOL Wage Hour Op. Ltr. No. FLSA2006-11 (Mar. 31, 2006) (concluding that mortgage loan officers who sell mortgage loan packages fulfill the sales requirement of the exemption). In both her pleadings and deposition testimony, Plaintiff admitted that she was responsible for selling mortgage loans. (Second Am. Compl. ¶ 29; Dixon Dep. 82:22-83:6.) Accordingly, the only remaining question is whether Plaintiff "customarily and regularly" engaged in exempt sales activities away from Prospect's office.

Case law analyzing the specific parameters of the second element of the outside sales exemption is admittedly

sparse. Nevertheless, district courts who have addressed this issue with any degree of specificity have concluded that the phrase "customarily and regularly" is not a majority of the time test. *See, e.g., Lint v. Nw. Mut. Life Ins. Co.,* No. 09CV1373, 2010 WL 4809604, at *3 (S.D. Cal. Nov. 19, 2010) (finding that spending ten to twenty percent of the time outside of the office engaged in sales activity is sufficient); *Taylor v. Waddell & Reed, Inc.*, No. 09cv2909, 2012 WL 10669, at *3 (S.D. Cal. Jan. 3, 2012) ("[S]elling or sales related activity outside the office 'one or two hours a day, one or two times a week' satisfie[s] the test for the exemption." (citation omitted)). As the DOL has noted, there is no suggestion in the regulations that work performed customarily or regularly must occupy any given percentage of an employee's weekly working hours. *See* DOL Wage Hour Op. Ltr. No. FLSA2007-2 at 3. Rather, the pertinent inquiry is whether the employee performs tasks critical to the sales process away from the office on a greater than occasional basis. *Id.* at 4 n.3 ("It is the nature of the time spent outside the [office], rather than the amount of time, that drives our conclusion. Virtually all of the indispensable components of the sales efforts are concentrated in the outside period.").

The fact that an employee also performs significant work inside the office does not bar the exemption. *See* DOL Wage

9

Hour Op. Ltr. No. FLSA2006-11 at 3; *Lint,* 2010 WL 4809604, at *3 (applying the exemption although plaintiff spent up to eighty percent of his time inside the office). "Making sales is not an activity that necessarily occurs at one time and/or in one location, but, rather, may comprise a number of component activities. Where some of those component activities take place at a fixed site and others take place outside of a fixed site, the employee is properly classified as an outside sales employee if the activities occurring outside of the office are critical to the sales process and occur on a consistent basis." *Wong v. HSBC Mortg. Corp.,* 749 F. Supp. 2d 1009, 1013 (N.D. Cal. Sept. 29, 2010) (citations and internal quotation marks omitted).

In this case, Plaintiff's deposition testimony illustrates that she spent approximately half of her time each week outside of the office contacting referral sources. (Dixon Dep. 24:20-25:8, 93:12-22.) Her activities included attending seminars and trade shows, meeting with financial planners and realtors, and giving presentations. (*Id.* at 15:20-25:5, 84:3-9, 84:20-89:12.) Plaintiff's testimony further confirms that these efforts were critical because they appear to constitute her only sales activities and ostensibly generated a significant portion of her business. (*Id.* at 70:5-13, 94:14-95:1.) Indeed, the vast majority of Plaintiff's remaining time was spent inside the office completing loan files. (*Id.* at 82:9-16.) This evidence,

10

taken as a whole, supports a finding that Plaintiff was "customarily and regularly" engaged in outside sales activity under the exemption as defined above. *See Wong*, 749 F. Supp. 2d at 1013. The DOL has similarly concluded that the exemption applies to mortgage officers performing analogous duties to Plaintiff. *See* DOL Wage Hour Op. Ltr. No. FLSA2006-11.

In an effort to avoid the exemption, Plaintiff notes that there is no evidence that she made a single sale to a borrower at his or her home or place of business. (Pl.'s Opp'n at 15.) Plaintiff contends that "loan officers qualify for the outside sales exemption when they customarily and regularly make sales to borrowers at the borrowers' homes or places of business." (*Id*.) This narrow interpretation, however, is unsupported by any authority and has been rejected by other district courts. *See Taylor*, 2012 WL 10669, at *4 ("Because [plaintiffs] conducted substantial incidental work and solicitations outside of the office, it does not matter that the actual moment of sale occurred inside the [defendant's] office."). The regulations simply do not limit application of the outside sales exemption to those employees that consummate sales at a client's home or place of business. *See Tracy v. NVR, Inc.*, 599 F. Supp. 2d 359, 363-64 (W.D.N.Y. 2009) ("Although plaintiff ingeniously urges the Court to find that 29 C.F.R. § 541.502's definition of the term 'away from the

11

employer's place of business' as the customer's home or business is mandatory and exclusive . . . I find no practical basis, in the regulations or elsewhere, upon which to base such a conclusion[.]").

Plaintiff also asks the Court to disregard her above mentioned outside activities because they were directed at referral sources as opposed to borrowers. (Pl.'s Opp'n at 1.) Although the rationale behind this argument is not entirely clear from the filings, Plaintiff appears to suggest that such efforts constitute non-exempt "promotional work." (*Id.* at 16.) The Court finds Plaintiff's attempt to recast her outside work as non-exempt unpersuasive. Whether an employee falls under the exemption "depends on the extent to which they engage in sales or solicitations, *or related activities*, outside of the employer's place or places of business." DOL Wage Hour Op. Ltr. No. FLSA2006-11 at 3; *see also Olivo v. GMAC Mortg. Corp.,* 374 F. Supp. 2d 545, 550 (E.D. Mich. 2004) ("In simple terms, in order to qualify for the outside salesman exemption, an employee must spend a significant amount of his or her work-time engaging in sales related activities away from his or her employer's place of business."). The regulations certainly do not, as Plaintiff suggests, exclude from consideration an employee's outside activities directed at referral sources. *See Olivo,* 374 F. Supp. 2d at 550-51 (finding loan officers were outside

12

salespersons where defendant's evidence established that they "work[ed] primarily outside of the office to solicit prospective borrowers *and referral services*" (emphasis added)).

Nearly seventy years ago, in interpreting a prior version of the FLSA, the Tenth Circuit explained the rationale behind the outside sales exemption:

> The reasons for excluding an outside salesman are fairly apparent. Such salesmen, to a great extent, works individually, There are no restrictions respecting the time he shall work and he can earn as much or as little, within the range of his ability, as his ambition dictates. In lieu of overtime, he ordinarily receives commissions as extra compensation. He works away from his employer's place of business, is not subject to the personal supervision of his employer, and his employer has no way of knowing the number of hours he works per day. To apply hourly standards primarily devised for an employee on a fixed hourly wage is incompatible with the individual character of the work of an outside salesman.

*Jewel Tea Co. v. Williams*, 118 F.2d 202, 207-08 (10th Cir. 1941). Despite the passage of time, this rationale remains viable today. Given that Plaintiff exemplifies many of the attributes that drive the policy of the exemption, applying the exemption to her comports with its reasoning and the spirit behind the wage laws generally.

Accordingly, the Court concludes that Defendant has established both prongs of the outside salesperson exemption. A

review of the evidence confirms that there are no disputed material facts that could affect whether Plaintiff should be seen as exempt.  In other words, no rational trier of fact could find that Plaintiff falls outside the exemption based on the evidence presented.  Consequently, Plaintiff's FLSA claims fail as a matter of law and the Court will grant Defendant's Motion for Summary Judgment on this ground.

### IV.  Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion for Summary Judgment.  An appropriate Order will issue.

|  |  |
|---|---|
| January 14, 2014 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |